47 F.3d 1175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Conrad C. LYSIAK, Petitioner,
v.
SECURITIES AND EXCHANGE COMMISSION, Respondent.
 No. 94-70021.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Feb. 8, 1995.*
Decided: Feb. 10, 1995.
 
 Before: WRIGHT, HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The National Association of Securities Dealers (NASD) found that Lysiak violated Article III, Secs. 1 and 27, of its Rules of Fair Practice by failing to supervise adequately a branch office of Dillon Securities Inc. (DSI), and assessed sanctions against him. The SEC sustained the findings and sanctions. Lysiak appeals.
 
 
 3
 We set aside agency decisions only if they are either "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. Sec. 706(2)(A). We review an agency's factual findings for substantial evidence. State ex rel. State Water Resources Control Bd. v. FERC, 966 F.2d 1541, 1549 (9th Cir. 1992).
 
 
 4
 Article I, Sec. 5(a), of the NASD Rules, provides that "[p]ersons associated with a member shall have the same duties and obligations as a member under these Rules of Fair Practice." As Lysiak concedes, he is an associated person, and is subject to sanctions under Sec. 27.
 
 
 5
 Riggs and Goldman violated Sec. 40(c) by participating in a private securities transaction for compensation without a member's approval. Lysiak had a duty under Sec. 27(a) to supervise them to assure compliance with securities rules, including Sec. 40. Therefore, Sec. 40 does not exonerate Lysiak.
 
 
 6
 The SEC did not abuse its discretion in finding that Lysiak had supervisory authority over the branch office. DSI's Form BD lists Lysiak as supervisor; DSI's compliance manual, which he helped to write, delineates his supervisory obligations; and his testimony indicates he understood these obligations. Also, his role in closing the branch office demonstrates his supervisory authority.
 
 
 7
 Substantial evidence supports the SEC's finding that "Lysiak's lax approach to his compliance obligations permitted the [violations] to flourish." Lysiak did virtually nothing to fulfill his supervisory obligations. He should have given special attention to the branch office: that office and its staff were new; the February 1988 letter to DSI from the NASD put Lysiak on notice that DSI's procedures for preventing private securities transactions might be inadequate; and the surge of retail customer interest in Smarty Pants and Cancer Quest at the Scottsdale office immediately after DSI became a market maker should have alerted him to potential problems.
 
 
 8
 Lysiak argues in his Reply Brief that the SEC did not find that he violated Article III, Sec. 1, and that if it did so find, then Sec. 1 is so vague that it denied him of due process under the Fifth Amendment. We review issues raised for the first time in a reply brief only under exceptional circumstances. Hillis Motors v. Hawaii Auto. Dealers' Ass'n, 997 F.2d 581, 584 n. 4 (9th Cir. 1993). There are none here. Lysiak could easily have brought his challenge in his opening brief. He did so before the SEC.
 
 
 9
 The SEC did not impose excessive sanctions. It based them on the seriousness of the supervisory lapses. Lysiak's contribution to the failure of meaningful supervision fostered a climate of malfeasance.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3